IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01708-BNB

EDWIN MARK ACKERMAN,

      Applicant,

v.

KEVIN MILYARD,
U.S. ATTORNEY GENERAL,
GENERAL DEFENSE SEC. GATES,
JAG, and
SEC. OF ARMY,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2010

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant, Edwin Mark Ackerman, is in the custody of the Colorado Department
of Corrections (DOC) at the correctional facility at Sterling, Colorado. Mr. Ackerman,
acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally
because Mr. Ackerman is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519,
520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the
Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For
the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Ackerman pled guilty in court-martial proceedings to rape and larceny in
violation of Articles 120 and 121 of the Uniform Code of Military Justice, *see* 10
U.S.C.§§ 920, 921, and was sentenced, in part, to life imprisonment, with confinement

suspended after 27 years. The United States Army Court of Criminal Appeals affirmed his conviction, and the United States Court of Appeals for the Armed Forces denied his petition for review. Mr. Ackerman then filed his first § 2241 application in this Court, see *Ackerman v. Novak*, No. 00-cv-01648-REB-CBS, (D. Colo. Apr. 24, 2002) *aff'd* 66 F. App'x 158 (10th Cir. 2003). In the first application, Mr. Ackerman claimed: 1) the victim could not help with identifying the suspect, the hair color of the identified suspect was different than his, and there was no DNA evidence located and no attempt to match the evidence taken at the scene of the crime; 2) the victim changed her original statement after she talked with a psychologist; 3) the victim was shown pictures of the assailant in November 1994, but Mr. Ackerman was not charged until March 1995; 4) the victim identified another suspect in a physical lineup on January 9, 1995; and 5) during the pretrial hearing, Mr. Ackerman was unable to confront his accuser and counsel failed to object.

Mr. Ackerman appealed the first § 2241 action and raised several new issues. *See Ackerman*, 66 Fed. App'x. 158. On appeal Mr. Ackerman asserted: 1) his counsel was ineffective for failing to perform an adequate investigation; 2) his counsel was ineffective for advising him to plead guilty; 3) his confession was involuntary because he was not read his *Miranda* rights until one week after he made his statement; 4) the government failed to provide evidence concerning the physical lineup and the lineup was conducted without counsel present; 5) the government did not have sufficient evidence; and 6) the government was not compelled to present the accuser at the pretrial hearing and his counsel failed to object. The Tenth Circuit Court of Appeals

2

found that his fifth claim, regarding the sufficiency of the evidence, lacked merit because Mr. Ackerman had pled guilty. The Tenth Circuit also concluded that his first three claims were waived absent a showing of cause and prejudice because he had neglected to raise them in his § 2241 action in the district court and that the fourth, fifth, and sixth claims had not been raised before the military courts and could not be considered without a showing of cause and prejudice.

Mr. Ackerman then filed a second § 2241 action challenging the same conviction for rape and larceny. *See Ackerman v. Zeno*, No. 04-cv-02494 (D. Colo. Mar. 16, 2005). In the second action, Mr. Ackerman raised the following claims: 1) the victim failed to describe him as the suspect; 2) he was not read his *Miranda* rights; 3) evidence was available, but was not submitted, that would have established he was not identified in a physical line-up; 4) no DNA evidence was presented that would identify him as the suspect; 5) he was not allowed to confront the victim at the pretrial proceedings: 6) the commanding general illegally influenced the negotiations of his plea; and 7) there exists newly-discovered evidence that the victim failed to identify two tattoos on his upper body as identifiable marks. This Court denied the action after determining that Mr. Ackerman was attempting to restate claims previously adjudicated in federal court and that he had not shown cause and prejudice for claims he had waived. Mr. Ackerman appealed, raising the same seven issues listed in the second § 2241 action. The Tenth Circuit dismissed the appeal finding that three of his claims were decided on the merits in his first § 2241 application and were barred without a showing of factual innocence, which he is unable to do because he pled guilty, and the remaining claims were never raised before the military courts and as a result were

3

waived. *See Ackerman v. Zeno*, 150 Fed. App'x 772 (10th Cir. Sept. 30, 2005). The Tenth Circuit found that the claims could only be considered if Mr. Ackerman demonstrated cause for failing to raise these claims earlier and actual prejudice resulted from these alleged errors and found that Mr. Ackerman had failed to demonstrate actual prejudice. *Id.*

Subsequently, Mr. Ackerman filed a motion in the Tenth Circuit seeking authorization to file a second or successive 28 U.S.C. § 2254 habeas petition[1] to challenge his military guilty plea conviction for the third time. *Id.* The Tenth Circuit denied the request finding that under 28 U.S.C. § 2244(a) a prisoner convicted by a military court-martial is not in detention "pursuant to a judgment of a court of the United States" and there is no basis to conclude that he needs to obtain authorization from the Tenth Circuit to file a successive § 2241 action in the district court. *Id.*

In the instant Application, Mr. Ackerman raises three claims. Each of the claims are based on Mr. Ackerman's argument that on March 27, 1861, the southern states walked out of the United States Congress Assembled *sine die* leaving less than the required number of representatives to conduct business. Mr. Ackerman concludes that as a result the U.S. Constitution remains suspended and the United States has been ruled for the past 150 years under martial law leaving the United States Army without any authority over Mr. Ackerman. Although Mr. Ackerman asserts he is entitled to release, he concedes that he has not exhausted any remedies with respect to the

---

[1]     Mr. Ackerman once again referred to the habeas petition that he sought to pursue as a § 2254 petition. The Tenth Circuit, as this Court has done on at least two occasions, corrected Mr. Ackerman and instructed him that the proper means to collaterally challenge his 1995 military conviction is by filing a § 2241 action.

4

claim he raises in this action. Mr. Ackerman's reason for not exhausting the claim is because the U.S. Constitution has been suspended since 1860/61 resulting in the U.S. Army having no authority over him.

This Court has jurisdiction over habeas corpus applications military prisoners, but "the scope of matters open to review, has always been more narrow than in civil cases." *Lips v. Commandant*, 997 F.2d 808, 810-11 (10th Cir. 1993) (quoting *Burns v. Wilson*, 346 U.S. 137, 139 (1953)). When a military decision has dealt "fully and fairly" with an allegation raised in a habeas petition, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* at 811 (quoting *Burns*, 346 U.S. at 142). Likewise, a district court will ordinarily deem a claim waived if an applicant has not properly raised the claim in the military courts. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). If an issue is waived, an applicant must demonstrate cause and actual prejudice in order to obtain relief. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003).

Mr. Ackerman concedes that he has not raised his claim in a military court. The Court also finds that Mr. Ackerman has not raised this claim in this Court previously. Even though Mr. Ackerman contends that the military court does not have authority over him, and even if his claim in this action had merit, he still must raise this claim before the military court before presenting the claim to this Court. Without presenting the claim to the military court the claim is waived in this Court.

New claims are barred under the abuse of the writ doctrine when a claim could have been raised in an earlier application but was not. *See Sanders v. United States*,

373 U.S. 1, 17-18 (1963); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Although a court may raise abuse of the writ *sua sponte*, the Court must give an applicant notice and an opportunity to respond. *Stanko v. Davis* , ___ F.3d ___ , 2010 WL 3122802 (10th Cir. 2010). Mr. Ackerman was instructed by the Tenth Circuit in *Ackerman*, 150 Fed. App'x 772, the denial of his second § 2241 application, that this Court may only consider a newly stated claim in a successive application if he demonstrates cause for failing to raise the claim earlier and actual prejudice resulting from these alleged errors. Mr. Ackerman has had fair notice that he must show cause and prejudice before this Court may consider a newly stated claim. Therefore, this Court is at liberty to dismiss the action because Mr. Ackerman fails to present to the Court any reason for excusing the procedural default and any actual prejudice that resulted from any alleged error.

Furthermore, this is Mr. Ackerman's third § 2241 habeas action challenging the same court-martial proceeding, and the claims he raises in this Application are self-serving and without legal basis. Mr. Ackerman is suggesting that for more than 100 years the U.S. Constitution has been ineffective and, as a result, he should not be held accountable for the crime he was convicted of committing under 10 U.S.C. §§ 920 and 921. Mr. Ackerman's claims are frivolous.

Any future actions filed by Mr. Ackerman setting forth frivolous claims may result in an order requiring him to show cause why this Court should not summarily dismiss such an action and impose sanctions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077-78 (10th Cir. 2007). The Court also may limit Mr. Ackerman's ability to proceed *in forma pauperis* in the future, regardless of his financial ability to pay such costs and

6

fees, based on his history of filing frivolous petitions. *See In re McDonald*, 489 U.S. 180, 183-85 (1989) (limiting petitioner from proceeding *in forma pauperis* in future petitions for extraordinary writs based on petitioner's abuse of judicial resources). The Court is not prohibited from summary dispositions and limitations on frivolous or abusive filings against a *pro se* litigant. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003) (citing *Stafford v. United States*, 208 F.3d 1177, 1178-79 (10th Cir. 2000)). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this ___25th___ day of ___August___, 2010.

BY THE COURT:

Christine M Arguello

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01708-BNB

Edwin Mark Ackerman
Prisoner No. 87741
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on   8/25/10

GREGORY C. LANGHAM, CLERK

By:_____
                  Deputy Clerk